# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**CARLOS LOPEZ ISAAC**

**ORDER OF DETENTION PENDING TRIAL**

Case Number:  1:10-CR-106

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

  ☐ an offense for which the maximum sentence is life imprisonment or death.

  ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

  _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

## Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

  ☒ for which a maximum term of imprisonment of ten years or more is prescribed in  21 U.S.C. § 801 et seq

  ☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

## Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is charged with conspiring to deliver 50 kilograms of marijuana.  Defendant states he has never used nor experimented with any illicit substances, other than experimenting with marijuana on a single occasion 38 years ago. (Defendant also stated, however, that he participated in a three-month outpatient substance-abuse treatment program in Cedar Rapids, Iowa.)

Defendant has compiled a lengthy criminal record in his 54 years.  He currently has an (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that

there is no condition or combination of conditions that will assure the safety of the community based upon the unrebutted presumption.  Alternatively, the government has also shown by clear and convincing evidence that there is no condition or combination of conditions that will assure the safety of the defendant based on his lengthy criminal record which contains many offenses which were committed when he was under the supervision of court in similar (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated:  May 28, 2010

/s/ Hugh W. Brenneman, Jr.

*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge

*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Sectlon 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

**Alternate Findings (B)** - (continued)

outstanding warrant from Iowa for failing to register as a sex offender.  He has served four prison terms.  He has committed the following offenses, while on probation or parole for other offenses:  domestic abuse assault (twice); operating while intoxicated; sex abuse third; driving while license suspended; assault with a weapon on a peace officer; and driving while barred.  Defendant has a number of other offenses involving drinking, drugs and assaultive behavior that were committed while he was not on probation or parole.

Defendant appears to have no ties with this district, other than a maternal half brother who resides in Lansing and is a co-defendant.  Defendant's employment history is spotty.

**Part II - Written Statement of Reasons for Detention** - (continued)

circumstances (i.e., probation or parole).